LOUIS LEVINE, Appellant, v. THE TRAVELERS INSURANCE COMPANY, Respondent.— Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. There was evidence from which the jury might have concluded that plaintiff had become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit. It was error for

* Motion to dismiss appeal denied, 265 N. Y. 513; affd., 266 id. ——.

the court to have excluded the testimony of Dr. Kalvin to explain his answer in plaintiff's Exhibit 1 to the question propounded of the duration of plaintiff's disability that it would be " two months." Such statement is *prima facie* evidence against the plaintiff, but not conclusive. This rule obtains even if the statement be introduced by plaintiff. Correspondence between plaintiff and defendant should have been admitted in evidence as some proof of waiver of further proof of total disability. In our opinion, there was evidence, in connection with three of the five policies, for submission to the jury that, pending due proof that an existing total disability would be permanent and continue for life, it appeared that plaintiff had been wholly disabled by bodily injuries or disease and had been prevented thereby from engaging in any occupation or employment for wage or profit for a period of not less than three consecutive months. Under such circumstances, if it did not appear that plaintiff was not permanently disabled, he would be entitled to recover. Correspondence between the parties was also admissible as proof in this connection. Lazansky, P. J., Young, Kapper and Tompkins, JJ., concur; Carswell, J., not voting.